**FILED**

**January 25, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-711** (Fayette County CC-10-2021-F-149)

**Leonard Dale Varner Jr.,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner Leonard Dale Varner Jr. appeals the Circuit Court of Fayette County's August 24, 2022, sentencing order following his convictions for several sex crimes involving minors.[1] Upon our review, we determine that the court erred in finding that petitioner waived his right to the victim impact statement submitted below, which requires that the court's order be vacated and the matter be remanded for resentencing that is compliant with the authority governing the disclosure of victim impact statements. Because this case presents no substantial question of law, we find that it satisfies the "limited circumstances" of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for disposition by a memorandum decision rather than an opinion.

The Fayette County Grand Jury returned an eleven-count indictment against petitioner, a teacher, charging him with various sex crimes involving his minor students. To resolve these charges, petitioner and the State entered into a plea agreement. Pursuant to that agreement, petitioner pled guilty, under *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987),[2] to one count of third-degree sexual assault; one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child; one count of second-degree sexual assault; and one count of soliciting a minor. The State dismissed the remaining charges.[3]

---

[1] Petitioner appears by counsel William E. Galloway and M. Eric Frankovitch. The State appears by Attorney General Patrick Morrisey and Assistant Attorney General Andrea Nease Proper.

[2] "An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." Syl. Pt. 1, *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987).

The Fayette County Probation Department prepared a presentence report. The probation officer noted in the report that one victim impact statement had been returned to him. The officer detailed that the statement included the recommendation that petitioner "be sentenced to the longest possible sentence regardless of any kind of plea agreement," but the officer withheld the full victim impact statement from petitioner. Shortly after receiving the presentence report, petitioner moved for production of the entire victim impact statement, asserting that its production was required under Rule 32 of the West Virginia Rules of Criminal Procedure and that fairness dictated he be provided with "[a]ny information . . . provided to the [c]ourt and which could be relied upon by the [c]ourt in determining a sentence."

The parties appeared for sentencing on August 8, 2022. The court noted that petitioner's motion to produce the victim impact statement was pending but considered it "waived or given up" due to petitioner's failure to set the motion for hearing. The court also explained that, even had petitioner brought his motion for hearing, the court would have denied it due to a "custom, habit, and practice" of withholding victim impact statements from the State and defendants. Accordingly, the court declined to order production of the victim impact statement. Petitioner then argued for probation, offering his own testimony and that of four family members and a psychologist. The court denied petitioner's request for probation, finding, in a nutshell, that it "would unduly depreciate the seriousness of the offenses for which" he was convicted. The court sentenced petitioner to terms of incarceration that correspond with those authorized by the relevant statutes.[4] *See* W. Va. Code §§ 61-8B-5, 61-8D-5, 61-8B-4, & 61-3C-14b. Petitioner now appeals from the court's August 24, 2022, sentencing order, which we review "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 2, in part, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010) (quoting Syl. Pt. 1, in part, *State v. Lucas*, 210 W. Va. 271, 496 S.E.2d 221 (1997)).

Petitioner raises two assignments of error on appeal. In his first, he asserts that the court abused its discretion in denying him probation. In his second, he argues that the court erred in not ordering the production of any victim impact statement(s). He contends that the nondisclosure deprived him of the "ability to counter or otherwise address the statements."

Taking petitioner's assignments of error out of order, we begin by observing that Rule 32(b)(4) of the West Virginia Rules of Criminal Procedure requires that "[t]he presentence report must contain . . . a victim impact statement, pursuant to Chapter 61, Article 11A, Section 3 of the West Virginia Code of 1931, as amended, unless the court orders otherwise," when a defendant, generally, harms a victim. *See also* W. Va. Code § 61-11A-3(a) (requiring the same). Then, Rule 32(b)(6) requires that "the probation officer must furnish the presentence report to the defendant, the defendant's counsel, and the attorney for the state," and West Virginia Code § 61-11A-3(e)

---

[3] The parties also agreed that petitioner would not be prosecuted in Kanawha County, West Virginia, for any sexual offenses committed there involving the four victims who were the victims of the charges at issue here, and a separate case in Nicholas County, West Virginia, was dismissed.

[4] The court further ordered that petitioner be placed upon extended supervision for forty years following his release from incarceration.

requires that "[a] victim impact statement prepared in accordance with the provisions of this section . . . shall be made available to the defendant, and his counsel if he is so represented, at least ten days prior to the date set for pronouncement of his sentence."

Here, there is no court order directing that a victim impact statement not be included in the presentence report; rather, the court found that petitioner had waived his right to it. The authority cited above does not put the burden on a defendant to request a presentence report that includes all required components or any standalone victim impact statement. Instead, unless the court orders otherwise, a victim impact statement is a required component of presentence reports and must be furnished to defendants. Further, petitioner filed a properly supported motion for production of the withheld statement, to which the State responded. Under these facts, it cannot be said that petitioner knowingly and intentionally relinquished or abandoned his right to the victim impact statement. *See* Syl. Pt. 8, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) (describing "waiver" as the "knowing and intentional relinquishment or abandonment of a known right"). Accordingly, we find that the court erred in withholding the victim impact statement from petitioner on the basis of waiver, vacate the court's sentencing order, and remand for resentencing that is compliant with Rule 32 and West Virginia Code § 61-11A-3.[5] And because petitioner will be resentenced upon remand, we need not consider his remaining claim that the court erred in denying him probation.

For the foregoing reasons, we vacate the court's August 24, 2022, sentencing order and remand for resentencing.

Vacated and remanded with directions.

**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[5] This Court is also concerned by the circuit court's statement that, had petitioner not purportedly waived any right to the victim impact statement, a blanket "custom, habit, and practice" would have prevented its disclosure. Rule 32(b)(5) of the West Virginia Rules of Criminal Procedure identifies information that "must" be excluded from presentence reports, and Rule 32(c)(3)(A) outlines a process for handling excluded information that is relied upon in fashioning a sentence. The court's indiscriminate practice of withholding victim impact statements appears incongruent with this process and with the authority identified above generally; accordingly, the practice should be revisited and brought in line with Rule 32 and West Virginia Code § 61-11A-3.